Order modified in accordance with opinion of HOOKER, J., and as modified affirmed, without costs.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID HAVRON, Appellant, v. WILLIAM DALTON, as Commissioner of Water Supply of the City of New York, and JAMES MOFFETT, as Deputy Commissioner of Water Supply for the Borough of Brooklyn, City of New York, Respondents.

*Reduction by a deputy of the salary of an employee transferred from the city of Brooklyn to the Greater New York — section 1543 of the Greater New York charter has no application thereto.*

The provisions of section 1543 of the Greater New York charter (Laws of 1897, chap. 378) apply only to removals by heads of the departments and have no application to the action of a deputy commissioner of water supply in the borough of Brooklyn, in reducing, pursuant to section 456 of that charter, the salary of a steam fitter in the department of water supply in the former city

of Brooklyn, which had been increased just prior to the time when the Greater New York charter took effect, to the amount which such steam fitter was receiving prior to the increase.

APPEAL by the relator, David Havron, from an order of the Supreme Court, made at the Kings County Trial Term and entered in the office of the clerk of the county of Kings on the 18th day of November, 1901, dismissing an alternative writ of mandamus theretofore issued in the proceeding.

*Alexander H. Geismar,* for the appellant.

*James McKeen,* for the respondents.

Order affirmed, with ten dollars costs, upon the grounds stated in the decision of Mr. Justice GAYNOR.

BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ., concurred; GOODRICH, P. J., not sitting.

The following is the decision rendered in this case:

The case having been sent back by the Appellate Division for decision, I hereby decide that the respondents are entitled to an order dismissing the writ and for judgment for costs against the relator.

The grounds of the decision concisely stated are as follows:

Said David Havron was appointed to his position in the month of April, 1897, as steamfitter in the department of water supply in the then city of Brooklyn by the then commissioner of city works, Theodore B. Willis, pursuant to the civil service rules and regulations, the said appointment being at a salary of $1,050 per annum.

On or about December 28, 1897, the city works commissioner increased said Havron's salary to $1,200 per annum.

Said Havron was transferred to the service of the Greater New York pursuant to the provisions of section 1536 of the charter.*

On February 7, 1898, James Moffett, the deputy commissioner of water supply for the borough of Brooklyn, with the approval of William Dalton, the commissioner, reduced the salary of said Havron to $1,050, the same salary that he was receiving just prior to

---

* Laws of 1897, chap. 378.— [REP.

the increase made by Commissioner Willis above referred to. This action was taken in pursuance of the provisions of section 456 of the charter of 1897. It was not essential to the validity of this action that the reasons for such reduction be filed and opportunity be given to explain, because chapter 186 of the Laws of 1898* embodying these requirements did not become a law until March 31, 1898.

The provisions of section 1543 of the charter applied only to cases of removal by heads of departments and had no application to a reduction of this kind made by a deputy commissioner pursuant to provisions of the statute expressly empowering him to fix and regulate salaries with the approval of the head of the department.

* Amdg. Laws of 1883, chap. 354, § 13.—[REP.

# Cases

DETERMINED IN THE

# THIRD DEPARTMENT

IN THE

# APPELLATE DIVISION,